# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAMCO ASSET MANAGEMENT, LLC, US TRADING COMPANY METALS RE, LLC and DINSHA DYNASTY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>USA RARE EARTH, LLC, MORZEV PTY LTD., MORDECHAI GUTNICK ATF THE MORZEV TRUST, MORDECHAI GUTNICK, and PINI ALTHAUS,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 2022-0665-SG |

## MEMORANDUM OPINION

Date Submitted: July 3, 2023
Date Decided: October 20, 2023

David A. Felice, BAILEY & GLASSER, LLP, Wilmington, Delaware; OF COUNSEL: Andrew St. Laurent, HARRIS ST. LAURENT & WECHSLER LLP, New York, New York, *Attorneys for Plaintiffs Ramco Asset Management, LLC, US Trading Company Metals Re, LLC, and the Dinsha Dynasty Trust*.

John M. Seaman and E. Wade Houston, ABRAMS & BAYLISS LLP, Wilmington, Delaware; OF COUNSEL: Chelsea Corey, KING & SPALDING LLP, Charlotte, North Carolina, *Attorneys for Defendant USA Rare Earth, LLC*.

Carl D. Neff, FISHERBROYLES, LLP, Wilmington, Delaware; OF COUNSEL: Aurora Cassirer and Christina H. Bost Seaton, FISHERBROYLES, LLP, New York, New York, *Attorneys for Defendant Pini Althaus*.

Karen E. Keller, Andrew E. Russell, and Nathan R. Hoeschen, SHAW KELLER LLP, Wilmington, Delaware; OF COUNSEL: Justin L. Ormand, ALLEN & OVERY, New York, New York; Patrick W. Pearsall, ALLEN & OVERY, Washington, D.C.,

*Attorneys for Defendants Mordechai Gutnick ATF the Morzev Trust, Morzev Pty Ltd., and Mordechai Gutnick.*

**GLASSCOCK, Vice Chancellor**

This matter involves a misleadingly-complex set of causes of action, arising out of a rather simple alleged set of facts, and posing what is, at its heart, a contract and fraud action. Plaintiffs are former equity holders in an Australian rare-earth mining company, Morzev Pty Ltd. ("Morzev"). Its primary asset was interest in a mining project in West Texas. Defendant Mordechai Gutnick was the founder, controller, and a director of Morzev. He decided to transfer the assets of Morzev to a to-be-created Delaware entity. Defendant Pini Althaus, whom Plaintiffs characterize as Morzev's CEO,[1] created a Delaware LLC to facilitate this transaction. Plaintiffs were told by Gutnick that if they agreed to roll over their interests in Morzev to the new Delaware LLC, Defendant USA Rare Earth, LLC ("USARE"), their ownership in USARE would be the same as it had been in Morzev. Each Plaintiff signed a transfer agreement with that understanding, under which their Morzev interests were transferred to a trust, the Defendant Morzev Trust (the "Trust"), and then exchanged for units in USARE. Instead of getting the same percentage of ownership of USARE each had previously held in Morzev, as they expected, they received the same or similar *number of units*, which represented a materially smaller ownership in USARE than they had enjoyed in Morzev; in other words, their interests were diluted. According to Plaintiffs, the transactions

---

[1] Althaus contests the allegation that he was an officer of Morzev. Reply Br. Def. Pini Althaus Supp. Mot. to Dismiss Am. Compl. 3, Dkt. No. 42 ("Althaus RB").

1

represented a conspiracy by Althaus, Gutnik, and the entity Defendants to dilute their interest wrongfully.[2] They assert claims for breach of fiduciary duty, as well as fraud and breach of contract, along with a large number of other claims.

Defendants have moved to dismiss for failure to state a claim and on *forum non conveniens* grounds. Those motions await supplemental briefing. Before turning to that, however, I must consider first the various Defendants' motions to dismiss for lack of personal jurisdiction. The result follows.

## I. BACKGROUND

Plaintiffs bring fourteen causes of action governed by the laws of various jurisdictions against five defendants. All five defendants have moved to dismiss under Court of Chancery Rule 12(b)(6). However, prior to assessing the merits of these motions, I must first assess the 12(b)(2) motions filed by four of the defendants.[3] The fifth defendant is the Delaware LLC, which does not contest personal jurisdiction, for obvious reasons.

Ramco Asset Management, LLC ("Ramco"), US Trading Company Metals Re, LLC ("US Trading"), and DinSha Dynasty Trust ("Dinsha", and together with Ramco and US Trading, the "Plaintiffs") exchanged their interests in an Australian proprietary limited company, Defendant Morzev Pty Ltd. ("Morzev"), for interests

---

[2] The Amended Complaint does not explain to whom the "excess" shares were issued. *See* Am. Verified Compl. Breach of Contract and Breach of Fiduciary Duties, Dkt. No. 29 ("Compl.").

[3] *See Werner v. Miller Tech. Mgmt., L.P.*, 831 A.2d 318, 327 (Del. Ch. 2003).

2

in a Delaware entity, Defendant USA Rare Earth, LLC ("USARE"), through a series of transactions. Plaintiffs' fourteen causes of action allege that Defendants promised that Plaintiffs would each receive an equivalent amount of equity in USARE as each Plaintiff previously held in Morzev, however, the transactions allegedly diminished Plaintiffs' ownership interests instead.

Defendants were the counterparties to, or aided in, the effectuation of the conversion transactions. Specifically, each Plaintiff transferred their shares to Defendant Mordechai Gutnick ATF the Morzev Trust (the "Trust"), a trust organized under the laws of Australia.[4] Defendant Morzev, the Australian entity in which the Plaintiffs originally held interests, "entered into a binding and enforceable agreement to transfer over [Plaintiffs'] interest[s] in Morzev to USARE[.]"[5] Defendant Mordechai Gutnick, a resident of New York, was a manager of USARE, a director of Morzev, and "authorized to act on behalf of the [Trust]."[6] Defendant Pini Althaus, a resident of New York, was the chief executive officer of Morzev and the chief executive officer of USARE and a manager of that company.[7]

---

[4] Compl. ¶¶ 10, 26.
[5] *Id.* ¶¶ 62, 67, 71, 76, 80, 86.
[6] *Id.* ¶¶ 8–11.
[7] *Id.* ¶¶ 1, 12. Althaus contends that he was an independent contractor, and not an officer, of Morzev. Tr. 5-4-2023 Oral Arg. Defs.' Mot. to Dismiss 35:20–36:3, 41:1–4, Dkt. No. 56 ("Oral Arg. Tr.").

3

## II. ANALYSIS

All Defendants have moved to dismiss the Amended Complaint under Rule 12(b)(6).  With the exceptions of USARE as to all counts and Gutnick regarding Counts VII and VIII, all Defendants oppose personal jurisdiction under Rule 12(b)(2).  My analysis starts with the threshold issue of personal jurisdiction before turning to the choice of law issues inherent in the Amended Complaint.  Because the Defendants are all foreign, this Court lacks general jurisdiction over them; I must thus determine whether specific jurisdiction exists on a count-by-count basis.[8]

### A. Rule 12(b)(2) – Personal Jurisdiction

Though a plaintiff need not state a basis for personal jurisdiction in a complaint, once a Rule 12(b)(2) motion has been raised, the plaintiff must overcome the evidentiary burden of showing personal jurisdiction exists.[9]  "If the court has not conducted an evidentiary hearing, then a plaintiff 'need only make a *prima facie* showing, in the allegations of the complaint, of personal jurisdiction and the record is construed in the light most favorable to the plaintiff.'"[10]  To aid in the Court's determination of whether personal jurisdiction exists, "the court may consider the pleadings, affidavits, and any discovery of record."[11]

---

[8] *See Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007); *Remick v. Manfredy*, 238 F.3d 248, 255–56 (3d Cir. 2001).

[9] *Harris v. Harris*, 289 A.3d 277, 295–96 (Del. Ch. 2023).

[10] *Id.* at 296 (quoting *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2737409, at *5 (Del. Ch. July 14, 2008)).

[11] *Ryan v. Gifford*, 935 A.2d 258, 265 (Del. Ch. 2007).

To determine whether this Court has personal jurisdiction over a defendant, the Court invokes a two-step test. In step one, the Court examines if there is "a legally cognizable basis for asserting jurisdiction over the defendant."[12] "Typically this involves identifying and meeting the requirements of a statute, such as Delaware's long-arm statute."[13] In step two, the Court performs a due process inquiry to determine if the "nonresident defendant has sufficient minimum contacts with Delaware" such that she could foresee being haled to our courts.[14] However, "[w]here a party commits to the jurisdiction of a particular court or forum by contract, such as through a forum selection clause, a 'minimum contacts' analysis is not required as it should clearly anticipate being required to litigate in that forum."[15]

Plaintiffs contend that Morzev and the Trust "are current or former Members of USARE."[16] Similarly, they contend that Gutnick, through his Vested Incentive Units, is a Member of USARE.[17] USARE's Third Amended and Restated Company Agreement, which was attached as an exhibit to the Amended Complaint, provides:

> Any Proceeding arising out of or relating to this Agreement or the Company's activities or properties may be brought only in the

---

[12] *Pacira BioSciences, Inc. v. Fortis Advisors LLC*, 2021 WL 4949179, at \*19 (Del. Ch. Oct. 25, 2021).

[13] *Id.* (citation omitted).

[14] *Eagle Force Hldgs., LLC v. Campbell*, 187 A.3d 1209, 1228 (Del. 2018).

[15] *Id.*

[16] [Corrected] Pls.' Answering Br. Opp'n Defs.' Mot. to Dismiss 10, Dkt. No. 39 (citing Compl. ¶¶ 9–10) ("Pls.' AB").

[17] *Id.* (citing Compl. ¶ 11). Gutnick contests that he was a member at the relevant time. *See* Opening Br. of Defs. Morzev Pty Ltd., Mordechai Gutnick ATF The Morzev Trust, and Mordechai Gutnick in Supp. of the Mot. to Dismiss 12, Dkt. No. 32 (the "Morzev Defs.' OB").

5

Delaware Court of Chancery as provided in the [Delaware Limited Liability Company] Act, in the state courts of the county where the Company's principal office is located, or, if it has or can acquire jurisdiction, in the United States District Court for the district in which the Company's principal office is located. Each Member and Assignee irrevocably submits to the exclusive jurisdiction of each such court in any such Proceeding, waives any objection it may now or hereafter have to venue or to convenience of forum, agrees that all claims in respect of the Proceeding shall be heard and determined only in any such court, and agrees not to bring any such Proceeding in any other court. . . .[18]

Since Defendants Morzev and the Trust are allegedly Members of USARE, it is reasonably conceivable at this stage of litigation that there is personal jurisdiction over them for all matters "arising out of or relating to this Agreement or the Company's activities or properties." The question is whether the allegations so arise or relate.

### 1. Personal Jurisdiction over Morzev and the Trust

Plaintiffs' ten causes of action against Morzev and the Trust —Counts I–VI and IX–XIV—flow from alleged breaches of contract, negligent misrepresentation, and fraud.[19]

Morzev and the Trust contend that the tort and contract claims do not "'arise out of or relate to' USARE's LLC agreement, activities, or properties" and therefore personal jurisdiction is lacking.[20] They assert—and I find—that the "claims, instead,

---

[18] Compl. Ex. A at § 15.3.
[19] Compl. ¶¶ 61–88, 102–58.
[20] Morzev Defs.' OB 12.

6

arise out of the Australian law and New Jersey law govern[ing] Transfer Agreements involving Plaintiffs' investments in an Australian company, Morzev."[21] The causes of action asserted, in other words, arise out of promises made in contracts to exchange the Plaintiffs' interest in Morzev for USARE units—Plaintiffs' complaint against these Defendants is that Plaintiffs received insufficient units to satisfy the promises, resulting in breaches of contracts or torts. These common-law legal claims do not arise as part of the internal affairs of USARE or from the LLC agreement itself, and the jurisdictional waiver in that entities' LLC agreement cannot confer personal jurisdiction here. The counts against Defendants Morzev and the Trust are dismissed for lack of personal jurisdiction.

### 2. Personal Jurisdiction with Regard to Althaus

Plaintiffs bring two causes of action against Defendant Althaus. Specifically, they allege that Althaus breached his fiduciary duties and duty of good faith and fair dealing under the USARE LLC agreement.[22] Though a New York resident,[23] Althaus was a manager of USARE,[24] and personal jurisdiction therefore may inhere

---

[21] *Id.*

[22] Compl. ¶¶ 89–101. Though Plaintiffs allege that Althaus is a member of USARE through his ownership of vested incentive units and personal jurisdiction therefore inheres by virtue of USARE's forum selection provision, I need not assess whether Althaus was a member of USARE at this time as Althaus's role as a manager is sufficient for deciding his Rule 12(b)(2) motion.

[23] *Id.* ¶ 12.

[24] *Id.*

under statute.[25]  Specifically, 6 *Del. C.* § 18-109 provides the statutory basis for personal jurisdiction.  In pertinent part, it reads:

> A manager . . . of a limited liability company may be served with process in the manner prescribed in this section in all civil actions or proceedings brought in the State of Delaware involving or relating to the business of the limited liability company or a violation by the manager . . . of a duty to the limited liability company or any member of the limited liability company, whether or not the manager . . . is a manager . . . at the time suit is commenced.  A manager's . . . serving as such constitutes such person's consent to the appointment of the registered agent of the limited liability company (or, if there is none, the Secretary of State) as such person's agent upon whom service of process may be made as provided in this section.  Such service as a manager . . . shall signify the consent of such manager . . . that any process when so served shall be of the same legal force and validity as if served upon such manager . . . within the State of Delaware and such appointment of the registered agent (or, if there is none, the Secretary of State) shall be irrevocable.

Althaus contends that, under our caselaw, 6 *Del. C.* § 18-109 must be narrowly construed.  Specifically, he argues that 6 *Del. C.* § 18-109 does not provide personal jurisdiction for claims against a manager if those claims are unrelated to internal affairs or corporate governance.[26]  As such, 6 *Del. C.* § 18-109, per Althaus, cannot provide jurisdiction over tort and contract claims that do not pertain to his duties as a manager.[27]  He further argues that his actions were "ministerial" and thus not

---

[25] 6 *Del. C.* § 18-109(a).
[26] Opening Br. Def. Pini Althaus Supp. Mot. to Dismiss the Am. Compl. 7, Dkt. No. 33 ("Althaus OB"); Althaus RB 6.
[27] Althaus OB 7–8; Althaus RB 6.

8

integral to the causes of action.[28] Neither of these arguments persuade me in the context of the counts at issue. Plaintiffs' causes of action are for breach of fiduciary duty and breach of the duty of good faith and fair dealing inhering in the USARE LLC agreement. If those causes of action state claims on which relief may be granted, they are within the ambit of 6 *Del. C.* § 18-109.

Plaintiffs' claims against Althaus are for breach of duties owed to USARE or Plaintiffs directly, not for tort claims or breaches independent of the LLC. This is true of both Counts VII and VIII. Though the Amended Complaint fails to specify whether the underlying breaches are related to the duty of care or duty of loyalty, Count VII alleges breaches of fiduciary duty in the issuance of equity to members. This is squarely within the purview of 6 *Del. C.* § 18-109, which permits service of process for "violation[s] by the manager . . . of a duty to the limited liability company or any member of the limited liability company[.]"[29] The same may be said of Count VIII as it alleges a breach of the non-waivable duty of good faith and fair dealing inherent in USARE's LLC agreement. As pled, Althaus's actions in connection with USARE satisfy the statutory component of personal jurisdiction.

---

[28] Oral Arg. Tr. 37:10–14, 38:1–2.

[29] "A manager . . . of a limited liability company may be served with process in the manner prescribed in this section in all civil actions or proceedings brought in the State of Delaware involving or relating to the business of the limited liability company or a violation by the manager . . . of a duty to the limited liability company or any member of the limited liability company[.]" 6 *Del. C.* § 18-109.

Of course, Althaus has moved to dismiss these claims on sufficiency grounds, which I will address in a subsequent opinion. The claims strike me as unlikely, but I defer that decision.

Plaintiffs also contend that personal jurisdiction exists for Althaus under the "conspiracy" jurisdiction rubric—I address that in connection with similar allegations concerning Gutnick, below.

### 3. Personal Jurisdiction with Regard to Gutnick

Plaintiffs bring eight causes of action against Defendant Gutnick that embody four legal theories. They allege that Gutnick, similar to Althaus, breached his fiduciary duties and the duty of good faith and fair dealing inhering in the USARE LLC agreement, and also committed fraud by negligently or intentionally misrepresenting the interests each Plaintiff would receive. Gutnick does not contest personal jurisdiction over Counts VII and VIII—breach of fiduciary duties and breach of the duty of good faith and fair dealing.[30] However, he contends this Court does not have personal jurisdiction over him for the other six counts. Plaintiffs aver that personal jurisdiction exists because Gutnick was a member and manager of USARE and, in those roles, he acted to further the alleged conspiracy underlying the Amended Complaint.

---

[30] Defs. Morzev Pty Ltd., Mordechai Gutnick ATF The Morzev Trust, and Mordechai Gutnick Reply Br. Supp. Mot. Dismiss Pls.' Am. Compl. 9 ("Morzev Defs.' RB"); Oral Arg. Tr. 26:18–20.

Gutnick is a manager of the LLC; he contends that he "has never been a Member of USARE" and, therefore, he is not bound by the jurisdictional waiver in the LLC Agreement.[31]  He argues that while 6 *Del. C.* § 18-109 provides a basis for jurisdiction in Counts VII[32] and VIII, it cannot serve as the basis of jurisdiction for the other counts against him because those counts "have nothing to do with USARE's internal affairs or corporate governance."[33]  Finally, he argues that the allegations in the Amended Complaint do not satisfy the requirements of conspiracy jurisdiction.[34]

### a. Jurisdiction under 6 *Del. C.* § 18-109

Though Plaintiffs contend that Gutnick is currently a member of USARE by virtue of the "Vested Incentive Units he holds[,]"[35] I find that he was not a member of USARE at the time of the acts complained of.  Aside from the verification of the

---

[31] Morzev Defs.' OB 12.

[32] With respect to Count VII, both Gutnick and Althaus contend that USARE's LLC agreement waives all waivable fiduciary duties and, as such, Count VII fails to state a claim.  Althaus OB 19–20; Morzev Defs.' OB 19–21; Althaus RB 15–16; Morzev Defs.' RB 16–18.  Plaintiffs argue that the waiver was not put into place until three months after they received their interests, by which time their injury was incurred.  Pls.' AB 44–46.  Oral argument suggested that this was a simple evidentiary dispute and that the original USARE LLC agreement somehow did not find its way to Plaintiffs.  Oral Arg. Tr. 51:6–18.  I have received and reviewed the parties' joint letter containing their respective positions on the operative LLC agreement for USARE.  Letter to The Honorable Sam Glasscock III, Dkt. No. 58.  However, I am unable to determine the authenticity of the July 2019 LLC agreement and, therefore unable to determine when USARE waived fiduciary duties owed by its managers to its members.  While development of the factual record in this case may make the issue ripe for summary judgment, I decline to dismiss Count VII at this time.

[33] Oral Arg. Tr. 27:18–28:8; Morzev Defs.' RB 9–10.

[34] Morzev Defs.' RB 10–12.

[35] Compl. ¶ 11.

Amended Complaint, Plaintiffs provide no evidence that Gutnick was a member at the time of the challenged transactions. Gutnick, however, affirmed that he has "never been a member or unitholder of [USARE], and never held any incentive units in [USARE]."[36] Gutnick's affirmation is admissible,[37] and even considering the facts in the light most favorable to Plaintiffs, I cannot find that Gutnick was a member of USARE or that the jurisdictional waiver of the LLC agreement applies.

Plaintiffs' arguments on the use of 6 *Del. C.* § 18-109 as the statutory hook with which to land Plaintiffs' fraud and negligent misrepresentation counts against Gutnick in Delaware similarly fail. Under the statute, managers impliedly consent to personal jurisdiction for actions "involving or relating to the business of the limited liability company."[38] In order to invoke that clause of 6 *Del. C.* § 18-109, I must consider whether the allegations are consistent with the statutory waiver and construed sufficiently narrowly to comply with due process, as when the allegations against managers "refer to corporate governance and the internal affairs of [the] LLC."[39] To be applicable, the allegations against the manager must focus on her

---

[36] Decl. of Mordechai Gutnick Supp. Morvez Defs.' Mot. to Dismiss ¶ 6, Dkt. No. 32.
[37] *See Ryan*, 935 A.2d at 265 ("In ruling on a Rule 12(b)(2) motion, the court may consider the pleadings, affidavits, and any discovery of record.").
[38] 6 *Del. C.* § 18-109(a).
[39] *Endowment Rsch. Grp., LLC*, 2021 WL 841049, at *5 (Del Ch. Mar. 5, 2021). While there is debate whether 6 *Del. C.* § 18-109 should be construed narrowly or if it should be construed broadly and then limited by due process, the difference is immaterial to my analysis and would not change my conclusion. *Compare Endowment Rsch. Grp., LLC*, 2021 WL 841049, at *5 (explaining that 6 *Del. C.* § 18-109 is interpreted narrowly), *with Next Level Ventures, LLC v. AVID USA Techs. LLC*, C.A. No. 2022-0699-MTZ, at 13:12–20:1 (Del. Ch. Mar. 16, 2023)

12

"'rights, duties and obligations'" as a manager, be "'inextricably bound up in Delaware law,'" and provide a strong basis for Delaware to serve as the forum for adjudicating the disputes.[40]  The contract and fraud claims here claims here bear no relationship to the duties of managers, and do not involve the internal affairs of USARE.  They cannot support imposing personal jurisdiction here over those legal claims, as a matter of due process.[41]

### b. "Conspiracy" Jurisdiction

Plaintiffs also argued that this Court can exercise personal jurisdiction over Gutnick and Althaus regarding the legal claims, under the conspiracy theory of jurisdiction.[42]  As prescribed by the Delaware Supreme Court in *Istituto Bancario*, a properly-served defendant-conspirator is subject to the jurisdiction of this Court on a factual showing that:

---

(TRANSCRIPT) (examining first whether there was a statutory basis under 6 *Del. C.* § 18-109 to assert personal jurisdiction over the defendants before then analyzing whether exercising personal jurisdiction comported with due process).

[40] *Id.* at *5 (quoting *Vichi v. Koninklijke Phillips Elecs. N.V.*, 2009 WL 4345724, at *7 (Del. Ch. Dec. 1, 2009)).

[41] *See supra* note 39.  Moreover, the questions here are not "inextricably bound up in Delaware law[.]" *Endowment Rsch. Grp., LLC*, 2021 WL 841049, at *5 (quoting *Vichi*, 2009 WL 4345724, at *8).  Plaintiffs contend that this Court should respect the laws selected by the parties in their various conversion agreements.  Pls.' AB 19–21.  Specifically, they argue that the laws of New Jersey govern the Ramco conversion agreement and thus the tort claims arising from those agreements—Counts IX and X—while the laws of Western Australia govern the DinSha and US Trading conversion agreements and thus the tort claims arising from those agreements—Counts XI to XIV.  *Id.* at 20.  The Morzev Defendants argue that under a choice of law analysis, Western Australian law governs all of the fraud and negligent misrepresentation claims—Counts IX to XIV.  Morzev Defs.' OB 10.  I fail to see how these claims could be linked, let alone inextricably, with the laws of Delaware.

[42] Pls.' AB 12–14.

13

(1) a conspiracy to defraud existed; (2) the defendant was a member of that conspiracy; (3) a substantial act or substantial effect in furtherance of the conspiracy occurred in the forum state; (4) the defendant knew or had reason to know of the act in the forum state or that acts outside the forum state would have an effect in the forum state; and (5) the act in, or effect on, the forum state was a direct and foreseeable result of the conduct in furtherance of the conspiracy.[43]

"Although *Istituto Bancario* literally speaks in terms of a 'conspiracy to defraud,' the principle is not limited to that particular tort."[44] At this stage in litigation, an inference of conspiracy requires the pleading of "facts supporting: (i) the existence of a confederation or combination of two or more persons; (ii) that an unlawful act was done in furtherance of the conspiracy; and (iii) that the conspirators caused actual damage to the plaintiff."[45]

Conspiracy jurisdiction is a method of analysis, not an independent basis for jurisdiction.[46] "While a valid path to jurisdiction, the conspiracy theory of personal jurisdiction is very narrowly construed to prevent plaintiffs from circumventing the minimum contacts requirement."[47] Thus, there must be a statutory basis, such as Delaware's long-arm statute, for extending personal jurisdiction over at least one

---

[43] *Istituto Bancario Italiano SpA v. Hunter Eng'g Co., Inc.*, 449 A.2d 210, 225 (Del. 1982).
[44] *Harris v. Harris*, 289 A.3d 310, 339 (Del. Ch. 2023) (citations omitted).
[45] *Id.* (citation omitted).
[46] *Crescent/Mach I P'rs, L.P. v. Turner*, 846 A.2d 963, 976 (Del. Ch. 2000); *see also, e.g., Lacey v. Mota-Velasco*, 2020 WL 5902590 (Del. Ch. Oct. 6, 2020); *Fortis Advisors LLC v. Johnson & Johnson*, 2021 WL 5893997 (Del. Ch. Dec. 13, 2021).
[47] *Morrison v. Berry*, 2020 WL 2843514, at *13 (Del. Ch. June 1, 2020) (quotations and alterations omitted).

conspirator before fellow conspirators are similarly subject.[48]  Because Delaware's

long-arm statute "confers specific, not general, jurisdiction, formation of a Delaware

entity may only serve as the basis for personal jurisdiction where there is a sufficient

nexus between that formation and the alleged wrongful conduct."[49]

Here, the Morzev Defendants made representations to Plaintiffs that Plaintiffs

would receive interests in USARE equivalent to the interests they held in Morzev.

The Morzev Defendants knew of Plaintiffs' reliance and the interests Plaintiffs

expected to receive.  Although not specifically pled, I may infer that these

Defendants had a pecuniary interest to the extent that they supposedly benefited from

using these transactions to diminish Plaintiffs' ownership interests.  Plaintiffs further

allege that the Morzev Defendants took no steps to correct Plaintiffs' apparent

misapprehension, causing Plaintiffs to receive lesser interests than what was

promised.  Thus, as alleged, the Morzev Defendants acted in concert to defraud or

misrepresent facts to Plaintiffs, and Plaintiffs were harmed by receiving lesser

interests than they were promised.  Under the applicable plaintiff-friendly pleading

standard, I find that element one of *Istituto Bancario* is satisfied.  I assume without

deciding that a sufficient pleading is made that USARE, over which jurisdiction lies

in this Court, was a part of the conspiracy.

---

[48] *See Lacey*, 2020 WL 5902590, at *6.
[49] *Lone Pine Res., LP v. Dickey*, 2021 WL 2311954, at *5 (Del. Ch. June 7, 2021) (citations omitted).

The remaining *Istituto Bancario* elements are elusive here. Plaintiffs plead that the creation of USARE and the shifting of Morzev assets to the new LLC were intended to facilitate access to U.S. capital markets.[50] The Amended Complaint does not allege that USARE was created for the purpose of facilitating the conspiracy. No other act is alleged to have happened in Delaware, nor was such an act foreseeable. This cannot be sufficient to convey personal jurisdiction on those who allegedly contemplated the breach of contract or fraud taking place outside of this State.[51]

*B. Remaining Issues*

With respect to the remaining Defendants and Counts, I now turn my attention to the motion to dismiss on *forum non conveniens* grounds and Defendants' Rule 12(b)(6) motions to dismiss. Before addressing these, it would be helpful to have supplemental briefing on the effect of my decision here with respect to personal jurisdiction on the *forum non conveniens* analysis and whether conflict of laws issues exist with regard to the remaining 12(b)(6) issues.

### III. CONCLUSION

The causes of action pled against Morzev and the Trust are dismissed for lack of personal jurisdiction. The causes of action pled against Gutnick in Counts I –VI

---

[50] Compl. ¶ 22.
[51] *See, e.g., Lacey*, 2020 WL 5902590, at *7; *Fortis Advisors LLC*, 2021 WL 5893997, at *7.

16

and IX–XIV are dismissed for lack of personal jurisdiction. The balance of Defendants' Motions to Dismiss for lack of personal jurisdiction are DENIED. I reserve decision on the balance of Defendants' Motions to Dismiss for purposes of *forum non conveniens* and Rule 12(b)(6). The Parties should supply an appropriate form of order.